# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NOS: 1:21cr394** |
| | : | |
| Plaintiff, | : | **SENIOR JUDGE** |
| | : | **CHRISTOPHER A. BOYKO** |
| v. | : | |
| | : | |
| **RAYMOND A. MARCHIE, et al.,** | : | **AMENDED CRIMINAL** |
| | : | **TRIAL ORDER** |
| | : | |
| Defendant. | : | |

Trial of this matter is scheduled to commence on **February 14, 2022, at 9:00 a.m.** in Courtroom 9A, United States Court House.  Final Pretrial is set for **January 21, 2022 at 11:30 a.m. in Courtroom 9A,** United States Court House.

A motion for continuance shall state with particularity the reasons justifying a trial date beyond the statutory time period as required by Title 18 U.S.C. §3161.  **The motion shall also contain the defendant's consent to a continuance in writing.**

The attention of counsel for all parties is specifically directed to General Order No. 119 of the United States District Court for the Northern District of Ohio, adopted September 11, 1990 (Jury Utilization Management Plan), which provides that "plea negotiations must be completed by a date certain in advance of the scheduled trial." Accordingly, the Court will not accept a plea agreement which is submitted later than one day prior to the trial date.

**_Brady v. Maryland_ Notice & Order**

Pursuant to the Due Process Protections Act, the Court reminds the Government of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose evidence favorable to the Defendant and material to the Defendant's guilt or punishment. The Government is ordered to comply with *Brady* and its progeny. The failure to do so in a timely manner may result in consequences, including dismissal of the Indictment or Information, exclusion of Government evidence or witnesses, adverse jury instructions, dismissal of charges, contempt proceedings, sanctions by the Court, or any other remedy that is just under the circumstances.

Counsel shall immediately notify the Court in writing of any failure to provide discovery material. The Court will not continue a scheduled trial because of a failure to provide discovery if this requirement has not been followed.

**Motions:**

Pretrial motions, including motions to suppress, shall be filed on or before **December 21, 2021.** Briefs In Opposition shall be filed on or before **December 28, 2021. If required, a Suppression Hearing will be held on the date of the Final Pretrial**. Every motion filed shall be supported by a substantial foundation, explicitly stated pursuant to Local Rule 12.1. Counsel for Government shall respond in writing to a motion to suppress.

A Motion for a Criminal History Report shall be filed no later than thirty-five days prior to the final pretrial.

**<u>Trial Documents</u>:**

<span style="color:red">The following trial documents shall be submitted to the Court not later than 4:00 p.m., two working days prior to the final pretrial.</span>

1. Counsel for the parties are directed to confer in person, agree upon stipulations, and reduce them to writing. Stipulations shall be signed by all counsel and submitted to the Court.

2. Counsel for the parties shall confer in person and, to the extent possible, agree upon and submit to the court a complete set of jury instructions. Additional proposed jury instructions, which are disputed by the parties, must be submitted to the Court and opposing counsel. Such proposed jury instructions shall be supported by legal authority.
THE COURT SHALL ADHERE CLOSELY TO PATTERN CRIMINAL JURY INSTRUCTIONS ISSUED BY THE SIXTH CIRCUIT AND THE FEDERAL JUDICIAL CENTER.

3. Counsel for the parties shall submit to the Court, in writing, a list of <u>voir</u> <u>dire</u> questions.

4. Counsel for the parties shall submit to the Court appropriate memoranda, with citations to legal authority, in support of evidentiary questions and any other legal issues which may reasonably be anticipated to arise at trial.

5. Counsel for the parties shall submit to the Court an estimate of the length of trial.

6. Counsel for the parties shall submit to the Court a final description of materials/exhibits that will be used in the electronic courtroom and a list of proposed witnesses along with a brief description of the subject matter of the testimony of each witness.

7. Counsel for the parties shall confer, and to the extent possible, agree and submit a summary of the Indictment, which the Court will read to the jury. If counsel cannot agree, each shall submit a proposed summary.

**Electronic Courtroom:**

Judge Boyko's Courtroom is electronically wired for clear and efficient presentation of evidence and to expedite trials.  Counsel are expected to utilize this technology for trial to the fullest extent within their knowledge and means. Please refer to the Northern District of Ohio's website, (www.OHND.uscourts.gov), Courtroom Technology, Technology Overview, ECR Litigants Guide. Training is available on the use of all equipment by the Judge's staff prior to trial.  Any counsel requesting assistance on the use of the equipment shall make arrangements with the Courtroom Deputy by calling 216-357-7153, no later than three business days prior to trial.

**Exhibits:**

Prior to trial, counsel for the parties shall  complete the following:

1. Counsel shall exchange demonstrative evidence, such as models or sketches, no later than two  days prior to trial.

2. All exhibits must be marked before trial in accordance with Local   Rule 23.2.

3. One copy of all trial exhibits  shall be submitted to the Court in a binder, along with an index of the exhibits, not later than two  days prior to trial.

The Court encourages counsel to show exhibits to the jury during trial, however, counsel must have received a prior ruling of the court that the exhibits are admissible. If the court has granted admission, counsel is urged to use the electronic display for the court and jury and must also provide sufficient hard copies for each juror to utilize during deliberations.

**Continuances:**

The Court will not grant a continuance of a trial or hearing without a written motion stating the reason for the continuance. The Court will not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached thereto.

Failure to comply with this Order may result in sanctions.

**IT IS SO ORDERED.**

*s/ Christopher A. Boyko*
CHRISTOPHER A. BOYKO
SENIOR UNITED STATES DISTRICT JUDGE

DATED: November 2, 2021